*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

C-SPINE ORTHOPEDICS, PLLC,

Plaintiff-Appellant,

UNPUBLISHED
August 17, 2023

v

No. 362549
Macomb Circuit Court
LC No. 2020-001709-NF

AUTO CLUB GROUP INSURANCE CO.,

Defendant-Appellee.

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM.

Plaintiff, C-Spine Orthopedics, PLLC, appeals as of right the trial court's order granting the motion for summary disposition filed by defendant, Auto Club Group Insurance Company. The underlying action involves C-Spine's efforts to collect no-fault benefits from Auto Club pursuant to certain assignments executed by Adrian Glenn, who was injured in a motor vehicle accident and received medical treatment from C-Spine. Before initiating this action, C-Spine assigned its rights to Glenn's accounts receivable to a number of factoring companies pursuant to various agreements. Based on C-Spine's assigning away its interest in Glenn's accounts receivable, the trial court ruled that C-Spine was not the real-party in interest and lacked standing when it filed this action. In so ruling, the trial court noted the existence of alleged counterassignments in which the factoring companies purportedly conveyed the accounts receivable back to C-Spine, but the trial court did not address the counterassignments because C-Spine had "fail[ed] to address any of [Auto Club's] arguments regarding the alleged counter-assignments." In a factually-similar case, this Court in *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket Nos. 358170 and 358171), lv pending ___ Mich ___ (Docket No. 165538), recently held that a plaintiff like C-Spine has standing and is the real party in interest. On the basis of *C-Spine Orthopedics*, we are compelled to reverse and remand for further proceedings.

As already stated, the pertinent facts in this case more or less parallel the pertinent facts in *C-Spine Orthopedics*—(1) the injured motorist (Glenn) obtained medical treatment from C-Spine for injuries incurred in the accident; (2) Glenn assigned his rights to obtain no-fault benefits from the responsible insurer to C-Spine in separate assignments after each visit; (3) C-Spine transferred

all of its rights and interest in Glenn's accounts receivable to third-party factoring companies; (4) C-Spine subsequently commenced this action against the responsible insurer (Auto Club) to recover no-fault benefits for treatment rendered to Glenn; (5) Auto Club moved for summary disposition on grounds that, in light of the assignments, C-Spine was not a real party in interest and lacked standing; (6) C-Spine produced backdated counterassignments from the factoring companies conveying back to C-Spine the right to collect Glenn's accounts receivable; and (7) the trial court granted summary disposition to Auto Club on grounds that C-Spine was not a real party in interest and lacked standing. See *C-Spine Orthopedics*, ___ Mich App at ___; slip op at 2-3. One potential difference between this case and *C-Spine Orthopedics*, however, is that, in *C-Spine Orthopedics*, the trial court was not swayed by the backdated counterassignments because there was no dispute that they were "done retroactively," *id*. at ___; slip op at 3, whereas, here, the trial court concluded that C-Spine essentially abandoned any argument related to the counterassignments because it "fail[ed] to address any of [Auto Club's] arguments regarding the alleged counter-assignments."

The majority opinion in *C-Spine Orthopedics*—again, on highly-similar facts—held that the plaintiff medical provider had standing and was a real party in interest, explaining:

> Under MCR 2.201(B), "[a]n action must be prosecuted in the name of the real party in interest" subject to several qualifications. This procedural rule requires that a complaint be brought by the party to whom a claim belongs, or by a party who has a legal right to bring the action. This concept is distinct from standing, which asks whether a litigant has a right to have a court consider a claim.

> Standing is not a barrier to C-Spine's case because MCL 500.3112 grants C-Spine the right to "assert a direct cause of action against an insurer . . . to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person." As a provider, C-Spine has statutory standing to bring a claim on its own behalf. Statutory standing, which necessitates an inquiry into whether a statute authorizes a plaintiff to sue at all, must be distinguished from whether a statute permits an individual claim for a particular type of relief. Whether C-Spine has an actionable claim for relief is a different question than whether it has a right to litigate its current grievance in our courts.

> The real-party-in-interest rule does not preclude C-Spine's suit, either. The court rule anticipates that situations such as this one might arise. MCR 2.201(B)(1) provides:

>> A personal representative, guardian, conservator, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or *a person authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought*. [Emphasis added.]

> C-Spine is authorized by statute to bring a first-party no-fault claim, and the plain language of the court rule permits it to do so despite that the action was brought for

-2-

the benefit of the factoring companies, or for the joint benefit of C-Spine and the factoring companies.

> This Court has explained the principle underlying MCR 2.201(B)(1) as follows: A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. C-Spine is vested with the right of action against Progressive based on the assignments from the [injured motorists], and is authorized by statute to sue in its own name under the plain language of MCL 500.3112. That the beneficial interest resided with the factoring companies did not eliminate C-Spine as a real party in interest. [*C-Spine Orthopedics*, ___ Mich App at ___; slip op at 3-4 (quotation marks and citations omitted).]

Applying *C-Spine Orthopedics*, we are required to conclude that C-Spine, having statutory standing under MCL 500.3112, has standing and is a real party in interest. Accordingly, we reverse the trial court's ruling granting Auto Club's motion for summary disposition. We note, however, that because the trial court here did not consider the counterassignments given C-Spine's failure to address Auto Club's arguments related to the counterassignments, *C-Spine Orthopedics* suggests that the factoring companies may need to be added to the action as necessary parties on remand, see MCR 2.205(A), to eliminate the risk of a second lawsuit by the factoring companies. See *C-Spine Orthopedics*, ___ Mich App at ___; slip op at 4.

Briefly addressing Auto Club's argument on appeal, Auto Club argues that this case is factually distinguishable from *C-Spine Orthopedics* for three reasons. First, according to Auto Club, this case is distinguishable because, here, we have the benefit of the actual agreements entered into between C-Spine and the third-party factoring companies, while this Court in *C-Spine Orthopedics* did not. This argument is unconvincing because Auto Club does not explain how the agreements here are different from how the majority in *C-Spine Orthopedics* interpreted the agreements there. See *id*. at 2 ("These uncertainties do not matter legally because we assume that the factoring agreements assigned the entirety of C-Spine's interests in the [injured motorists'] accounts receivable to one or more factoring companies."). Second, Auto Club argues that this case is distinguishable from *C-Spine Orthopedics* because, here, C-Spine failed to make any claim on the basis of its statutory right to sue. This not actually a distinction because the same was true in *C-Spine Orthopedics*. See *C-Spine Orthopedics*, ___ Mich App at ___; slip op at 10 (MARKEY, J., dissenting). Third, Auto Club argues that the majority's holding in *C-Spine* "was based on the mid-litigation counter-assignments and purchase agreement amendments to permit the plaintiff provider to maintain it's action," whereas, here, "any argument based on [C-Spine] purportedly re-acquiring rights via any counter-assignments or amendments to the factoring company contracts has been abandoned." As already explained, however, this difference does not require a different outcome; it requires, at most, that the factoring companies be added as necessary parties on remand.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.  We decline to award taxable costs under MCR 7.219.


/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Jane E. Markey